Argued and submitted October 22, reversed and remanded to LUBA with
instructions to remand to county for further proceedings
November 28, 2007

Clark ANDERSON,
Lynn Anderson, Patricia Chomyn,
Amy Donnelly, Martin Dreisbeich,
Robert Emmons, Nena Lovinger,
Tim McMahen, John A. Richardson,
Jonny B. Watson, and Robert Winkler,
*Petitioners,*

*v.*

LANE COUNTY
and Carol Dennis,
*Respondents.*

Land Use Board of Appeals
2006236; A136646

172 P3d 302

Jannett Wilson, Goal One Coalition, argued the cause and filed the brief for petitioners.

H. Andrew Clark argued the cause for respondent Lane County. With him on the brief were Stephen L. Vorhes and Lane County Office of Legal Counsel.

P. Steven Cornacchia argued the cause for respondent Carol Dennis. With him on the brief was Hershner, Hunter, LLP.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

PER CURIAM

**PER CURIAM**

Lane County amended its Rural Comprehensive Plan to change the designation of certain property from "Forest Land" to "Marginal Land" pursuant to ORS 197.247(1)(a) (1991), and the Land Use Board of Appeals (LUBA) affirmed. Petitioners seek judicial review, raising two assignments of error: First, they argue that LUBA erred in approving the county's use of 1983 prices in calculating the potential value of timber on that land; and, second, they argue that LUBA erred by allowing the county, in the same calculation, to presume a uniform 50-year growth cycle for the timber. In *Herring v. Lane County*, 216 Or App 84, 171 P3d 1025 (2007), we held that LUBA erred in using 1983 prices but did not err in using a 50-year growth cycle. *Herring* resolves the issues in this case.

Reversed and remanded to LUBA with instructions to remand to county for further proceedings.